**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-00498-WJM-BNB

DAVID B. HOECK,

    Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER TO DISMISS IN PART AND FOR ANSWER**

---

    Applicant, David B. Hoeck, is in the custody of the Colorado Department of Corrections. He is incarcerated currently at the Colorado Territorial Correctional Facility in Canón City, Colorado. Mr. Hoeck has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his criminal convictions in the District Court of Mesa County, Colorado. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    In an April 3, 2013 order, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After obtaining an extension of time, Respondents submitted a pre-answer response on May 23, 2013. Applicant did not file a reply.

    The Court must construe liberally the Application filed by Mr. Hoeck because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be dismissed, in part.

## I. Background and State Court Proceedings

On February 13, 2008, Mr. Hoeck was convicted by a jury of contributing to the delinquency of a minor, obstructing a peace officer, and harboring a minor in Mesa County District Court Case No. 07CR1604. [Doc. # 13-1, at 3]. He was sentenced to an aggregate term of approximately six and a half years in prison. [*Id.* at 3-4].

The Colorado Court of Appeals affirmed Mr. Hoeck's convictions on direct appeal in *People v. Hoeck* (*Hoeck I*), No. 08CA1133 (Colo. App. Aug. 27, 2009) (unpublished decision). [Doc. # 13-2]. The United States Supreme Court denied Applicant's request for certiorari review on October 6, 2003. [Doc. # 13-6].

Mr. Hoeck filed a motion for reconsideration of sentence pursuant to Colo. Crim. R. Crim. P. 35(b) on January 7, 2010, which was denied by the state district court on January 11, 2010. [Doc. # 13-1, at 7]. Applicant's motion for reconsideration of the state court's order was denied on February 2, 2009. [*Id.*].

Mr. Hoeck filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c) on November 19, 2010, which was denied by the state district court on December 30, 2012. [*Id.*]. The Colorado Court of Appeals affirmed the trial court's order in *People v. Hoeck* (*Hoeck II*), 11CA0232 (Colo. App. May 24, 2012). [Doc. # 13-3]. The Colorado Supreme Court denied Applicant's petition for certiorari review on January 28, 2013. [Doc. # 13-9].

Mr. Hoeck initiated this action on February 25, 2013.  He asserts the following claims in the Application:

1)  There was insufficient evidence to support Applicant's conviction for contributing to the delinquency of a minor. [Doc. # 1, at 2-3].

2)  Applicant's Sixth Amendment right to counsel was violated by the trial court's failure to inquire into his dissatisfaction with appointed counsel. [*Id.* at 3-4].

3) Applicant's trial counsel was ineffective in failing to interview and present at trial witnesses whose testimony would have impeached the testimony of prosecution witnesses. [*Id.* at 4-6].

4) Applicant's trial counsel was ineffective in failing to "investigate" Applicant's competency to stand trial in light of his past traumatic head injuries. [*Id.* at 6-7].

5) Applicant's trial counsel was ineffective in failing to "explore other viable avenues of defense," specifically: (a) Applicant's "state of mind and competency at the time of the alleged defense and during trial"; (b) questions raised by "alibi and corroborating defense witnesses"; and, (c) evidence relating to an alternate suspect. [*Id.* at 7-9].

6) Applicant's trial counsel was ineffective in failing to review discovery with Applicant and to keep him informed about the progress of the case. [*Id.* at 9-10].

7) Applicant's trial counsel was ineffective in failing to "consult with expert witnesses in relation to [Applicant] suffering from PCS, PTSD, and agoraphobia." [*Id.* at 10-12].

8) Applicant's trial counsel was ineffective in failing to move to exclude testimony that Applicant did not open his front door for the police and had juveniles exit his home through a window when the police arrived. [*Id.* at 8-14].

9) Applicant's trial counsel was ineffective based on the cumulative prejudicial effect of counsel's errors.  [*Id.* at 14].

10) The trial court "erred" by allowing the state to introduce, at trial, testimony that Applicant refused to open the door of his home for police officers. [*Id.* at 14-15].

> 11) Applicant's appellate counsel was ineffective in failing to seek certiorari review in the Colorado Supreme Court on direct appeal. [*Id.* at 15-16].
>
> 12) The district court "abused its discretion" by denying Applicant's postconviction motion on the basis that he failed to state facts entitling him to relief; and the court of appeals "substantially erred" by affirming that ruling on appeal. [*Id.* at 16-18].

## II. Timeliness of Application

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). [*See* Doc. # 13, at 6, 10-12].

## III. Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).  A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).  A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

**A. Claims 3-11**

Respondents concede, and Mr. Hoeck's opening brief in the state court post conviction proceeding reflects, that Applicant presented claims 3-11 to the Colorado Court of Appeals and the Colorado Supreme Court as federal constitutional claims. (*See* Doc. ## 13-6, at 7-21; 13-8). As such, the Court finds that Mr. Hoeck exhausted state court remedies for claims 3, 4, 5, 6, 7, 8, 9, 10 and 11.

**B. Claims 1 and 2**

Respondents contend that Mr. Hoeck failed to exhaust available state remedies for claims 1 and 2 because he did not present those claims to the Colorado Supreme Court in a petition for certiorari review.

Applicant raised claims 1 and 2 to the Colorado Court of Appeals in his opening brief on direct appeal. [Doc. # 13-4]. The Colorado Court of Appeals denied each claim on the merits. [*Hoeck I*, Doc. # 13-2].

The Court does not agree that Mr. Hoeck's failure to present claims 1 and 2 in a petition for certiorari review renders those claims unexhausted for purposes of federal habeas review. In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process.  More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1.  Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).  Accordingly, the fact that Mr. Hoeck did not raise claims 1 and 2 in a petition for certiorari review to the Colorado Supreme Court does not demonstrate that the claims are unexhausted. Rather, the Court finds that Applicant exhausted state remedies for claims 1 and 2 because he presented those claims to the Colorado Court of Appeals and the state appellate court denied relief.

**C.      Claim 12**

In claim 12, Mr. Hoeck argues that the state trial court abused its discretion by refusing to provide him an adequate opportunity to develop the record and failing to hold an evidentiary hearing before the court denied his motion for post-conviction relief.

Respondents argue that claim 12 is not cognizable on federal habeas review because it alleges only an error in the State's post conviction review proceeding. The Court agrees. *See Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) (citing *Sellers v. Ward,* 135 F.3d 1333, 1339 (10th Cir. 1998) ("Moreover, because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim.")).  Claim 12 therefore will be dismissed.

Accordingly, it is

ORDERED that claim 12 of the Application is DISMISSED for failure to state a federal constitutional claim cognizable on federal habeas review.  It is

FURTHER ORDERED that within thirty (30) days, Respondent(s) shall file an Answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted claims 1-11 of the Application.  It is

FURTHER ORDERED that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.

DATED this 15th day of July, 2013.

BY THE COURT:

*(signature)*

William J. Martinez
United States District Judge
