**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-00498-WJM

DAVID B. HOECK,

      Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

This matter is before the Court on the Motion for Relief from Court Order or Judgment (ECF No. 28) filed *pro se* by Applicant, David B. Hoeck, on December 28, 2013. The Court must construe the document liberally because Mr. Hoeck is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be construed liberally as a motion for reconsideration.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should

be considered pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).  Mr. Hoeck's motion to reconsider was filed ninety-eight days after a Final Judgment was entered dismissing this action on September 20, 2013.  Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

**I.  Procedural Background**

Mr. Hoeck's § 2254 Application presented twelve claims for relief.  During initial review, the Court dismissed claim twelve of the Application because it failed to present a federal constitutional issue.  *See* July 15, 2013 Ord. (ECF No. 18, at 8).  The Court also ordered Respondents to file an Answer to claims one through eleven of the Application within thirty (30) days of the July 15, 2013 Order, and granted Applicant thirty (30) days thereafter to file a Reply.  (*Id.*).  Respondents filed an Answer addressing the merits of claims one through eleven on July 30, 2013.  (ECF No. 20). Applicant did not file a Reply by the court-ordered deadline, or request an extension of time.  On September 19, 2013, the Court entered an Order denying the § 2254 Application and dismissing the action with prejudice.

Mr. Hoeck asserts in the motion to reconsider that he did not receive a copy of the Respondents' Answer and that, contrary to the Court's statement in the September 19, 2013 Order, he did not file a Reply brief.  Mr. Hoeck asks the Court to reconsider the dismissal order, pending his receipt and review of Respondent's Answer and his filing of a Reply brief.

2

## II.  Standard of Review

Rule 60(b) provides that "on motion and just terms," a court may relieve a party from a final order because of "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1), (6).  The Court is mindful that relief under Rule 60(b) "is extraordinary and may be granted only in exceptional circumstances."  *See Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks and citation omitted).

## III.  Analysis

As an initial matter, Applicant is correct that the Court inadvertently stated in the September 19, 2013 Order that "Applicant has filed a Reply."  (ECF No. 26, at 1).  The Court intended to state that Applicant has *been granted the opportunity to* file a Reply. Notwithstanding, the Court finds that Mr. Hoeck's asserted failure to receive a copy of Respondents' Answer and to file a Reply brief does not constitute extraordinary circumstances warranting reconsideration of the September 19, 2013 Order dismissing this action.

First, Mr. Hoeck was aware upon his receipt of the July 15, 2013 Order that Respondents' Answer was due no later than August 15, 2013.  Yet Applicant waited over four months past the deadline to advise the Court that he never received a copy of the Answer that was filed on July 30, 2013.  The Certificate of Service attached to Respondents' Answer certifies that a copy of the Answer was mailed to Applicant on July 30, 2013. (ECF No. 20, at 41).  The Court questions Mr. Hoeck's credibility when he fails to offer any explanation as to why he would not have received his mail in early

August 2013.  In addition, even after Mr. Hoeck received a copy of the Court's

September 19, 2013 order of dismissal, which clearly stated that Respondents had filed

an Answer, he did not file his motion for reconsideration until more than three months

later.  Applicant's inexplicable delay in advising the Court of his asserted failure to

receive a copy of Respondents' Answer does not justify reconsideration of the order

dismissing this action.

Second, the motion for reconsideration provides no justification to re-open this

action so that Mr. Hoeck may file a Reply brief.  In the September 19, 2013 Order, the

Court reviewed each of Applicant's eleven remaining claims under the AEDPA standard

of review and concluded that the state appellate court's resolution of the claims did not

(1) result in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United

States; or (2) result in a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding.  28 U.S.C.

§ 2254(d).   Further, the state court's factual findings are presumed correct under 28

U.S.C. § 2254(e)(2) and the Court determined in the September 19, 2013 Order that

those factual findings are supported by the state court record.  Mr. Hoeck received a

copy of the September 19 Order and is aware of the Supreme Court law applicable to

each of his claims.  Although he requests relief from the order of dismissal, he fails to

make any specific arguments as to why the Court's analysis is in error and why he is

entitled to federal habeas corpus relief.

Upon consideration of the motion and the entire file, the Court finds that Mr.

Hoeck has not demonstrated some reason why the Court should reconsider and vacate

4

the order to dismiss this action.  The Fed. R. Civ. P. 60(b) motion does not alter the

Court's conclusion that this action properly was dismissed.  Accordingly, it is

ORDERED that the Motion for Relief from Court Order or Judgment (ECF No.

28) filed *pro se* by Applicant, David B. Hoeck, on December 28, 2013, which the Court

has treated as a motion seeking relief from the judgment pursuant to Rule 60(b) of the

Federal Rules of Civil Procedure, is DENIED.

Dated this 31st day of December, 2013.

BY THE COURT:

William J. Martínez
United States District Judge