**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-00498-WJM

DAVID B. HOECK,

    Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER DENYING SECOND MOTION FOR RECONSIDERATION**

---

    The matter before the Court is Mr. Hoeck's [Second] Motion for Reconsideration (ECF No. 31), filed *pro se* on January 16, 2014. The Court must construe the document liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a

1

motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).  Mr. Hoeck's motion for reconsideration was filed 118 days after a Final Judgment was entered dismissing this action on September 20, 2013.  Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

**I. Procedural Background**

Mr. Hoeck's § 2254 Application presented twelve claims for relief.  During initial review, the Court dismissed claim twelve of the Application because it failed to present a federal constitutional issue.  *See* July 15, 2013 Ord. (ECF No. 18, at 8).  The Court also ordered Respondents to file an Answer to claims one through eleven of the Application within thirty (30) days of the July 15, 2013 Order, and granted Applicant thirty days thereafter to file a Reply.  (*Id.*).  Respondents filed an Answer addressing the merits of claims one through eleven on July 30, 2013.  (ECF No. 20).  Applicant did not file a Reply by the court-ordered deadline, or request an extension of time.  On September 19, 2013, the Court entered an Order denying the § 2254 Application and dismissing the action with prejudice.

In his first motion for reconsideration (ECF No. 28), Mr. Hoeck maintained that he did not receive a copy of the Respondents' Answer and was therefore not afforded an opportunity to file a Reply before the Court dismissed this action on September 19, 2013.  The Court denied the motion on December 31, 2013, finding that Applicant's inexplicable delay in advising the Court of his asserted failure to receive a copy of Respondents' Answer did not justify reconsideration of the order dismissing this action.  The Court further found that the motion for reconsideration provided no justification to

re-open this action to allow Mr. Hoeck to file a Reply brief.

On January 2, 2014, Respondents filed a Notice with the Court confirming that a copy of the Answer was mailed to Mr. Hoeck on July 30, 2013. The Notice further indicated that a second hard copy of the Answer was being mailed to Applicant that day.

## II. Standard of Review

Rule 60(b) provides that "on motion and just terms," a court may relieve a party from a final order because of "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1), (6). The Court is mindful that relief under Rule 60(b) "is extraordinary and may be granted only in exceptional circumstances." *See Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks and citation omitted).

## III. Analysis

In his current motion, Mr. Hoeck argues that the Court incorrectly applied the AEDPA standard of review to deny relief for his claims. However, Applicant fails to demonstrate that the Court's resolution of his claims (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Mr. Hoeck is reminded that "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, ___ S. Ct. ___, 131

S.Ct. 1388, 1398 (2011).  Furthermore, asserted errors of state law are not cognizable on federal habeas review.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Upon consideration of the motion and the entire file, the Court finds that Mr. Hoeck has not demonstrated some reason why the Court should reconsider and vacate the order to dismiss this action.  The Fed. R. Civ. P. 60(b) motion does not alter the Court's conclusion that this action properly was dismissed.  Applicant is warned that any further attempts to seek reconsideration of the September 19, 2013 dismissal order will be stricken from the record.  Accordingly, it is

ORDERED that the [Second] Motion for Reconsideration (ECF No. 31) filed *pro se* by Applicant, David B. Hoeck, on January 16, 2014, which the Court has treated as a motion seeking relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is DENIED.

Dated this 22nd day of January, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge